IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03388-NYW-TPO

MATTHEW GLENN NOE,

      Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC;
and PENTAGON FEDERAL CREDIT UNION,

      Defendants.

## JOINT STATUS REPORT

Pursuant to this Court's Scheduling Order [Doc. No. 25], Plaintiff Matthew Glenn Noe ("Plaintiff") and Defendant Pentagon Federal Credit Union ("Defendant PenFed") (collectively, the "Parties"),[1] by counsel, respectfully submit this Joint Status report regarding their progress in discovery and the status of settlement discussions and/or plans, which is summarized as follows:

On January 13, 2026, Defendant PenFed provided the ACDVs (with attachments) that PenFed submitted in response to Mr. Noe's indirect disputes and a December 2023 letter from PenFed to Mr. Noe notifying him of the reasons it cancelled his credit card. In early March 2026, the Parties exchanged Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). On March 5, 2026, Plaintiff informally produced documents he deemed to be relevant, which included

---

[1] Plaintiff has settled his claims against Defendants Equifax Information Services LLC and Experian Information Solutions, Inc. ("Equifax and Experian") and Stipulations for Dismissal with Prejudice of Equifax and Experian were filed with the Court on May 21, 2026, and June 16, 2026 [Doc. Nos. 33 and 35].

all documentation currently in Plaintiff's possession, custody, and control supporting his claims and damages. On April 9, 2026, Plaintiff served formal written discovery, encompassing interrogatories, requests for production, and requests for admission, which Defendant PenFed responded to on May 11, 2026. Plaintiff's counsel is still reviewing and evaluating Defendant PenFed's document production and objections and responses to the first round of written discovery and will be following up with Defendant PenFed's counsel in the next couple weeks regarding its deficient objections and responses and to request a time to meet and confer regarding same.

Additionally, on May 11, 2026, Defendant PenFed served formal written discovery, encompassing interrogatories, requests for production, and requests for admission, which Plaintiff responded to on June 17, 2026.  PenFed's counsel is still reviewing and evaluating Plaintiff's document production and objections and responses to the first round of written discovery and will be following up with Plaintiff's counsel in the next couple weeks regarding its deficient objections and responses and to request a time to meet and confer regarding same.

On March 3, 2026, Plaintiff's counsel sent Defendant PenFed's counsel a demand via email setting forth, according to Plaintiff what he deemed to be the relevant facts as presently known, the applicable law, and a detailed damages analysis. Between March 3, 2026, and the present, the Parties engaged in ongoing, good-faith settlement discussions.  On July 7, 2026, Defendant PenFed informed Plaintiff that it is interested in requesting a settlement conference with the Court.

If a resolution does not appear reasonably probable in the near future, Plaintiff anticipates conducting further discovery, including at least one deposition pursuant to FRCP 30(b)(1) and the deposition of Defendant PenFed's corporate designee(s) pursuant to FRCP 30(b)(6). Defendant PenFed similarly anticipates taking Plaintiff's deposition. The Parties have begun conferring

regarding mutually convenient dates for these depositions and anticipate scheduling them for late August or early September 2026.

Pursuant to Section 6.h of the Court's Scheduling Order [Doc. No. 25], the Parties have conferred regarding the feasibility of private mediation prior to requesting a Settlement Conference with the Court. Although Plaintiff initially raised the possibility of private mediation, the Parties have conferred and agree that referral to the Magistrate Judge for a Settlement Conference is the more efficient and cost-effective path toward resolution. Accordingly, the Parties respectfully request that this matter be referred to the Magistrate Judge for a Settlement Conference to occur as soon as the Magistrate Judge has availability or sometime in August or September 2026.

Dated: July 9, 2026

Respectfully submitted,

By: */s/ Hans W. Lodge*
Hans W. Lodge, MN Bar No. 397012
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
(612) 607-7794
hlodge@bergermontague.com

Tod A. Lewis, TX Bar No. 24091999
**TOD LEWIS LAW, PLLC**
13267 Darwin Lane
Austin, TX 78729-7495
Telephone: (512) 739-0390
tod@texasfaircredit.com

*Counsel for Plaintiff*
*Matthew Glenn Noe*

By: */s/ Elizabeth E. Olien*
Elizabeth E. Olien, Esq.
**ECKERT SEAMANS CHERIN
& MELLOTT LLC**
1717 Pennsylvania Ave. NW
Washington, DC 20006
(202) 659-6620
eolien@eckertseamans.com

Michael A. Graziano, Esq.
**ECKERT SEAMANS CHERIN &
MELLOTT LLC**
1717 Pennsylvania Ave. NW
Washington, DC 20006
(202) 659-6671
mgraziano@eckertseamans.com

*Counsel for Defendant*
*Pentagon Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2026, I presented the foregoing Joint Status Report with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Hans W. Lodge*
Hans W. Lodge